Filed 2/23/15  Bridges v. Smith CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Calaveras)

----

| | |
|---|---|
| G.L. BRIDGES et al., | C074704 |
| Plaintiffs and Respondents, | (Super. Ct. No. 12CH38185) |
| v. | |
| BRIAN J. SMITH, | |
| Defendant and Appellant. | |

After a two-day bench trial, Judge John G. Schwartz, in a minute order, granted plaintiffs, pursuant to Code of Civil Procedure section 527.6,[1] a five-year civil harassment restraining order to stop defendant's harassment of them, and also granted costs to plaintiffs.  Before entering the formal order, Judge Schwartz retired and was

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

unavailable for further proceedings.  Judge Thomas A. Smith then entered the formal order pursuant to section 635.[2]

On appeal, defendant claims the trial court (1) erred in denying him a mistrial, (2) erred in awarding attorney fees to plaintiffs, (3) granted the restraining order based on insufficient evidence, and (4) abridged defendant's free speech rights.  We agree the trial court erred in awarding attorney fees to plaintiffs under the authority of section 635 (and we strike that order), but otherwise we affirm the judgment (orders).

As alleged in plaintiffs' request for orders to stop harassment, defendant Brian J. Smith purchased a property that plaintiff Michelle Carr-Bridges had previously managed; after Smith's purchase, the former owner terminated its property management agreement with Carr-Bridges.  Defendant Smith believed that Carr-Bridges was contractually obligated to evict his tenants after he acquired the property.  When Carr-Bridges refused to do so, Smith embarked on a course of conduct to scare, harass, annoy, threaten and harm Carr-Bridges and her husband (the plaintiffs); such conduct included the making of threats, the defaming of plaintiffs and their business, and stalking (including via the Internet), over several years.

We will turn now to the issues on appeal, and set forth additional facts as we discuss those issues.

---

[2]  Section 635 provides, "In all cases where the decision of the court has been entered in its minutes, and when the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court or by a judge designated by the presiding judge."

## DISCUSSION

### I. & II.  The Trial Court Did Not Err in Denying a Mistrial to Defendant, But Did Err in Awarding Attorney Fees to Plaintiffs

Defendant contends the trial court (Judge Smith) erred in denying defendant's mistrial motion, when the original trial judge (Judge Schwartz) reportedly "retired" prior to completing the case, thus becoming "unavailable" to consider and sign any proposed order after hearing or to consider the motion for attorney fees and costs subsequently filed by plaintiffs.

Judge Schwartz presided at a two-day bench trial in this matter in January 2013. At the trial's conclusion, Judge Schwartz, in a minute order and orally on the record, granted plaintiffs a five-year restraining order under section 527.6, and costs (pursuant to a cost bill).

Judge Schwartz then retired before rendering the formal order in this matter. Pursuant to section 635, Judge Smith entered the formal restraining order and an order for costs (per a subsequent cost bill, which totaled $523) in line with Judge Schwartz's minute order; Judge Smith also awarded plaintiffs, after hearing, $5,050 in attorney fees.

In a bench trial, judgment must be rendered by the judge who tried the case; it would be a denial of due process for a new judge to render a decision without having heard all the evidence.  (See 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 45, p. 582.)  However, in one situation—the situation authorized in section 635—judgment may be rendered by another judge:  Where the decision has been entered in the minutes and the trial judge is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge or by a judge designated by the presiding judge. (§ 635; see 7 Witkin, *supra*, § 45, p. 582.)  That is what happened here regarding the restraining order and the cost order signed by Judge Smith pursuant to section 635. Those two orders conformed to Judge Schwartz's minute order.

Citing *Armstrong v. Picquelle* (1984) 157 Cal.App.3d 122, 127-128, defendant contends section 635 does not apply here because Judge Schwartz's minute order was merely a section 635-inapplicable *tentative* decision. However, the minute order itself, which tracks Judge Schwartz's oral ruling on the record at the close of the bench trial, does not display any such tentativeness.[3]

Defendant does have a point, though, when it comes to the matter of attorney fees. Judge Schwartz's minute order (and oral ruling at trial) granted only costs (per a cost bill), not attorney fees. Judge Schwartz did not mention anything about attorney fees. The civil harassment statute undergirding this litigation—section 527.6—states that "[t]he prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any." (§ 527.6, subd. (r).) Although the result is somewhat harsh for plaintiffs, we must toe the line under section 635 and be a stickler for due process; consequently, we must strike Judge Smith's award of attorney fees to plaintiffs.

There is one final matter on these two issues. Defendant speculates about Judge Schwartz's purported retirement and unavailability, and from there questions the judge's capacity to have heard this matter at all. Appellate courts do not make decisions based on speculation; they require error shown on the record, something defendant's idle musings nowhere approach. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.)

We conclude the trial court did not err in denying a mistrial to defendant, but did err in awarding attorney fees to plaintiffs.

---

[3] Without citing any direct authority, defendant additionally claims, in a related way, that mistrial should have been granted because the appointment of a substitute judge effectively denied him his due process right to have the original judge reconsider his earlier ruling. Defendant did not move for reconsideration. In any event, here, upholding this claim would be the undoing of section 635.

### III.  Defendant Forfeits Claim of Insufficient Evidence for Restraining Order

Without presenting any evidence from the record, defendant baldly asserts that the restraining order is based on insufficient evidence consisting of "mere suspicion, conjecture, speculation" and the like.  Given his failure to present a balanced view of the material evidence on the point challenged, defendant has forfeited his claim of insufficient evidence.  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

### IV.  Restraining Order Does Not Abridge Free Speech

Lastly, defendant contends the trial court abridged his constitutional rights, in effect, by penalizing him for his exercise of free expression.  We disagree.

"In California, speech that constitutes 'harassment' within the meaning of section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief."  (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1250.)  Section 527.6 "harassment" encompasses, as was found here, "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (§ 527.6, subd. (b)(3).)

We conclude that the restraining order, prohibiting defendant from engaging in conduct found to be "harassment" within the meaning of section 527.6, does not abridge defendant's constitutional right to free expression.

## DISPOSITION

The order awarding attorney fees to plaintiffs is stricken.  As so modified, the judgment (orders) is affirmed.  Each party shall bear its own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3), (5).)


                                           BUTZ            , J.


We concur:


      BLEASE           , Acting P. J.


      DUARTE           , J.

6